ALPHONS CUSTODIS CHIMNEY CONST. CO. v. H. R. HEINICKE,
Incorporated.

(Circuit Court, S. D. New York. December 20, 1904.)

PATENTS—SUIT FOR INFRINGEMENT—IMPROVEMENT IN CHIMNEYS.
    An application for a preliminary injunction against infringement of
    the Custodis patent, No. 512,504, for a chimney, denied in view of the fact
    that the patent had not been adjudicated, and that the showing made
    raised a serious question as to its validity.

In Equity.   On motion for preliminary injunction.

Dickerson, Brown, Raegener & Binney, for the motion.
A. Parker Smith, opposed.

TOWNSEND, Circuit Judge.   Motion for preliminary injunction.   The complainant is the owner of patent No. 512,504, granted January 9, 1894, to Alphons Custodis for an improvement in chimneys.   The patent states that:

"Heretofore the inner wall of a chimney was made continuous, and upon expansion of any one of its parts the entire wall would frequently be thrown out of line, and had to be replaced.   To remedy this defect is the object of my invention."

McCord patent, No. 117,555, granted in 1871, shows that the foregoing statement as to prior constructions was erroneous, or, rather, that sectional chimneys were known in the art.   He provided for "a chimney flue * * * in the interior of which are arranged the sections of piping, B, placed one upon another to the upper end of the flue," and stated as one object of his invention to prevent damage from the cracking of the brick walls "produced by the contraction and expansion of the brickwork as well as from the settling of the building."   The patented improvement in the patent in suit consists in the provision of steps projecting inwardly from the outer wall of the chimney, and separate independent sections of inner wall so supported upon said steps that any one of said sections can be separately repaired or replaced.   The claim is as follows:

"A chimney composed of an outer wall having a number of inwardly projecting steps and of a sectional inner wall, which is supported upon said steps, substantially as specified."

The prior art shows metal chimneys described in the Clawson patent as provided with an interior flue composed of sections of earthenware tube which are supported upon a suitable base, and in combination with such a sectional chimney a series of flanges so constructed as to unite the sections and at the same time provide independent supports for the chimney at intervals.   The patentee says:

"In order to support the chimney at intervals, and to relieve the base and the lower sections of too much weight, I form projecting brackets, I, which are secured to rings, F, and may be fastened to a wall or other support near the chimney, so that each bracket may support that portion of the chimney between it and the next one above by means of the lugs, H, and the flanges,

L, on the inner sections, as before described. By this construction the strain upon the chimney is divided and relieved."

It is contended that these chimneys are not the same thing as the invention of the patent in suit, because the lining is practically continuous, and there is no air space between the lining and shell. On the argument counsel for complainant also assumed that the patent in suit was for a chimney composed of brick, as distinguished from metal. There is not a word in the patent suggesting the provision of an air space in the chimney, or limiting its construction to any specific material. It has already been shown that the prior art covered a sectional construction and inwardly projecting supports. It is unnecessary to consider other prior constructions. The patent in suit is not an adjudicated patent. No facts are stated as to acquiescence, and the alleged infringing chimney is being constructed for the United States government. In these circumstances, as the patents and other publications introduced in defendant's affidavits raise a serious question of validity, its determination should be reserved for final hearing.

The motion is denied.